# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BETTY A. WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 12-11980-FDS |
| | ) | |
| SETERUS INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), and THE LITIGATION LAW GROUP, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON MOTION FOR A PRELIMINARY INJUNCTION

**SAYLOR, J.**

This action arises out of a mortgage loan that plaintiff Betty A. Walsh entered into in order to refinance her home.  Walsh has fallen behind on payments on the loan, and seeks a preliminary injunction against defendants Seterus, Inc. and Federal National Mortgage Association to halt the sale by foreclosure of her home.  The foreclosure sale is scheduled to take place on December 7, 2012.

To obtain the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) she is likely to succeed on the merits; (2) she will suffer irreparable harm absent the injunction; (3) her injury outweighs the harm to the defendants if granted; and (4) the injunction does not adversely affect the public interest.  *See Boston Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1, 11 (1st Cir. 2008)*; Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 46 (1st Cir. 2005); *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).  In deciding whether to issue preliminary injunctive relief, a district court must

weigh all of these factors; however, ". . . if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Wine and Spirits Retailers, Inc.*, 418 F.3d at 46 (quoting *New Comm Wireless Servs., Inc., v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)).

During briefing on the present motion, plaintiff set forth a number of legal bases for the Court to find a likelihood of success on the merits. However, at oral argument, she expressly disclaimed any reliance on the legal claims actually set forth in the complaint—instead contending that a preliminary injunction should be granted because she was likely to succeed on a claim of unfair and deceptive business practices under Mass. Gen. Laws. ch. 93A. Plaintiff contends that, by seeking to enforce the terms of an unfair loan, defendants are engaging in unfair and deceptive practices under Chapter 93A.

At this early juncture, plaintiff has not demonstrated a sufficient likelihood of success on the merits to obtain this extraordinary relief. Plaintiff's complaint does not currently set forth a claim under Chapter 93A. Nor does plaintiff contest that she has not complied with the demand letter requirement of a Chapter 93A claim. When bringing a claim for a violation of Chapter 93A, the party seeking relief *must* present the other party with a written demand for relief at least thirty days before filing a suit. Mass. Gen. Laws ch. 93A, §9(3). This requirement is a condition precedent to filing suit. *See, e.g., Burns ex rel Office of Public Guardian v. Hale & Dorr LLP*, 445 F. Supp. 2d 94, 97 (D. Mass. 2006). Without pleading a claim under Chapter 93A in her complaint, and without presenting evidence that she has complied with the demand letter requirement, plaintiff cannot meet her burden of demonstrating a likelihood of success on the merits. Thus, plaintiff's request for a preliminary injunction will be denied.

The Court is of course cognizant of the fact that the foreclosure of plaintiff's home will have serious personal consequences, both to herself and to other members of her family. Unfortunately, no matter how sympathetic her situation may be, the Court's decision cannot be based solely on the balance of harms among the parties.  If the requisite legal requirements have not been met, the Court is not empowered to issue the requested injunction.

## Conclusion

For the foregoing reasons, plaintiff's motion is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 4, 2012